UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELAYAH LOCKETT-JOHNSON, a minor, by her mother and next friend, SYDNIE WILLIAMSON, and SYDNIE WILLIAMSON, individually, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA and SILVER CROSS HOSPITAL AND MEDICAL CENTERS, <br><br> Defendants. | Case No. 16-cv-8032 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Sydnie Williamson, on behalf of herself and her minor daughter, Melayah Lockett-Johnson, brought this birth injury action against the United States and Silver Cross Hospital and Medical Centers ("Silver Cross Hospital"). This Court previously granted summary judgment in the United States' favor on statute of limitations grounds. Silver Cross Hospital now moves this Court to grant partial summary judgment in its favor in light of that ruling. For the reasons set forth herein, that motion [80] is granted.

**Background**

The following facts are undisputed unless otherwise noted. In 2010, Sydnie Williamson received prenatal care from the Will County Community Health Center ("WCCHC") and its contracted physician, Dr. Francisco Garcini. WCCHC is a federally qualified health center that receives grant money from the Health Resources and Services Administration and was therefore subject to the Federal Tort Claims Act during the times at issue. WCCHC contracted with Dr. Garcini to provide on-call services to WCCHC patients at Silver Cross Hospital. Dr. Garcini also provided services at Silver Cross Hospital on behalf of both the hospital and his personal medical practice.

1

Dr. Garcini delivered baby Melayah Lockett-Johnson (hereinafter "Melayah") at Silver Cross Hospital in March 2011. During delivery Melayah suffered from a brief shoulder dystocia,[1] which doctors promptly relieved. After Melayah was released from Silver Cross Hospital, she was diagnosed with Erb's paralysis, a birth-related injury impacting her right arm.

On August 11, 2016, Williamson brought this suit against the United States and Silver Cross Hospital. The United States moved for summary judgment based on Williamson's failure to comply with the Federal Tort Claims Act's statute of limitations. This Court granted that motion. Silver Cross Hospital now moves for partial summary judgement on Williamson's medical negligence and Family Expense Act claims arising from Dr. Garcini's conduct (Counts III and V, respectively).

**Legal Standard**

Summary judgment is proper when the moving party demonstrates that there is no genuine dispute of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). This Court must construe all evidence and draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A genuine dispute of material fact exists when a reasonable jury could find for either party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). Therefore, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). If a non-moving party cannot establish an element for which it bears the burden of proof, summary judgment should be granted in favor of the moving party. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012).

**Discussion**

Silver Cross contends that Williamson's claims arising from Dr. Garcini's conduct are barred by the doctrine of *res judicata*. The doctrine of *res judicata* bars courts from considering issues that were

---
[1] Shoulder dystocia describes a situation in which a baby's shoulder becomes stuck during birth.

previously determined through a final judgment on the merits. *Highway J Citizens Grp. v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). In order to establish that *res judicata* applies, a plaintiff must establish (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. *Id.* (quoting *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002)).

It is undisputed that Williamson's claims against Silver Cross Hospital and the United States share a common identity. It is also undisputed that, for the purpose of the present motion, Dr. Garcini was acting as an agent or employee of Silver Cross at the time of the incidents in question. In light of this Court's prior determination that Dr. Garcini was acting as an employee of WCCHC and thus the United States, it is therefore the case that Williamson has alleged that both the United States and Silver Cross were responsible for Dr. Garcini's actions. The United States and Silver Cross are therefore in privity with respect to Dr. Garcini's conduct.

In order for res judicata to apply, Silver Cross must establish that this Court's prior order granting summary judgment for the United States was a decision on its merits. Under the Federal Rules of Civil Procedure, any dismissal not expressly exempted by Federal Rule of Civil Procedure 41 constitutes an adjudication on the merits. Fed. R. Civ. P. 41(b); *see also Smith v. City of Chicago*, 820 F.2d 916, 918 (7th Cir. 1987) (holding that a dismissal for failure to comply with the statute of limitations was a judgment on the merits).

Williamson argues that under Illinois Supreme Court Rule 273 and Illinois caselaw, statute of limitations dismissals are procedural in nature and do not constitute judgments on the merits. *See Loew v. A & B Freight Line, Inc.,* 676 N.E.2d 1284, 175 Ill. 2d 176 (1997); *Downing v. Chicago Transit Authority*, 642 N.E.2d 456, 162 Ill. 2d 70 (1994). Within this circuit, however, it has been established that under Rule 41(b) a dismissal on statute of limitations grounds is a judgment on the merits for purposes of res judicata. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996). Therefore, this Court's dismissal of

3

Williamson's claims against the United States therefore constituted a judgment on the merits. Fed. R. Civ. P. 41(b). Accordingly, Silver Cross Hospital has established all of the elements of *res judicata* with respect to Williamson's claims concerning Dr. Garcini's conduct. In light of this Court's prior ruling granting summary judgment to the United States, this Court is therefore compelled to grant summary judgment to Silver Cross Hospital on those claims arising from Dr. Garcini's conduct while he was an agent of WCCHC.

**CONCLUSION**

For the foregoing reasons, Silver Cross Hospital's motion for partial summary judgment [80] is granted. Judgment is entered in Silver Cross Hospital's favor on Counts III and V.

IT IS SO ORDERD.

Date: 11/29/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge